WILLIAM SOMERS ET AL., DEFENDANTS IN ERROR, v.
W. SCOTT JOHNSON, PLAINTIFF IN ERROR.

Argued March 15, 1904—Decided November 14, 1904.

Courts will not knowingly lend their aid to the enforcement of agreements directed to the accomplishment of fraudulent purposes.

On error to the Supreme Court.

This was an action brought by the plaintiffs to recover certain sums of money, due to them by the terms of a written agreement made with the plaintiffs by the defendant Johnson and two others. The agreement concerned the sale of the right to operate, at Gloucester City, New Jersey, a patented device known as a roundabout. Johnson alone pleaded to the declaration. At the trial Johnson was sworn and asked by his counsel a series of questions tending to elicit testimony to the effect that he executed the said agreement as the agent of the plaintiffs, and at their instigation, for a fraudulent purpose. All of these questions were overruled by the trial court. Later Johnson, in response to the question, "Well, what did Somers say?" answered as follows:

"He said, 'Sign this agreement representing so much taken,' and he said that would make a good showing and an inducement to those taking stock, and any part that was not taken they would assume themselves, and that for me to sign the agreement; that I would not be liable, and that the future parties would pay the royalties—parties running and operating the wheel.

"*Q.* Did you sell any part of the wheel for them?

"*A.* I sold it all.

"*Q.* For whom were you acting when you sold this?

"*A.* William Somers & Company.

"*Q.* And were you paid by them for doing it?·

"*A.* Yes."

Upon rebuttal Somers and another of the plaintiffs were called and examined, but were not questioned touching the testimony so given by Johnson, which nowhere in the case was contradicted. After judgment, Johnson sued out this writ of error.

For the plaintiff in error, *John J. Crandall.*

For the defendants in error, *Robert H. Ingersoll.*

The opinion of the court was delivered by

GARRISON, J. In the case of *Hope* v. *Linden Park Association,* 29 *Vroom* 627, which was before this court upon the defendant's writ of error, the plaintiff below had made out a case that in the opinion of the trial court entitled it to recover from Hope $5,000, voluntarily paid to him by the plaintiff. A nonsuit having been refused, Hope offered to prove, and in fact did prove, subject to the decision of the trial judge, who heard the cause without a jury, that the $5,000 was paid to him upon a corrupt agreement to influence the votes of members of a township committee.. The trial court overruled this defence and declined to receive this testimony, upon the ground that a defendant could not "set up his own corrupt action as a legal defence." Upon the writ of error brought by Hope this court reversed the judgment rendered for the plaintiff in the trial court, upon the ground "that the policy which constrains the court to deny all relief to the parties demands that when either of those parties shall offer to show that the cause of action springs from an illegal or corrupt agreement the court shall admit and consider the legal proofs offered to that end."

In the case of *Wyckoff* v. *Weaver,* 37 *Vroom* 648, the plaintiff had recovered a judgment upon a contract, the consideration of which, as shown by uncontradicted testimony, was fraudulent and repugnant to public policy. Upon the defendant's writ of error this judgment was reversed.

The ground of the court's action in each of these cases, as stated by Chief Justice Gummere in the case last cited, is that "the courts of this state have steadfastly refused to lend their aid to enforce contracts which are directed to the accomplishment of fraudulent purposes, or to entertain suits to recover damages for a breach thereof, and this they do, not out of regard for the defendant in such an action, but because of their unwillingness to use the powers which were granted to them for the furtherance of lawful ends in aiding schemes which are in their nature venal. Since the fraudu-

lent character of the contract sued upon was conclusively made to appear by the testimony, the court below should have refused to permit the trial of the cause to proceed further and have directed a nonsuit to be entered."

Between these two cases there is no essential difference in principle. The distinction between them is that in the one the corrupt nature of the transaction was brought to the attention of the trial court by the defendant's offer to prove facts from which its illicit character appeared, whereas in the other the corrupt nature of the arrangement that led to the contract the court was asked to enforce appeared from testimony that was admitted and not contradicted.

In the case before us, the feature reprobated by these two decisions was presented in each of these aspects—*first,* by the overruling of the questions put to the defendant; and *secondly,* by the uncontradicted testimony of the defendant. The circumstance that the examination that was interdicted and that the testimony that was admitted were both intended to make out a defence of fraud practiced upon the defendant does not militate against the application of the doctrine of the cited cases. The doctrine is one that concerns the court rather than the parties, and is applied by it for the protection of its proper functions, regardless of the purpose for which the court is apprised of the uses to which it is being put. The error of the court below in overruling the questions put to the defendant is not now material, in view of the uncontradicted testimony that was afterward given. By that testimony it was made to appear that the agreement that the court was asked to enforce had been fraudulently contrived by the plaintiffs to deceive outsiders by a pretence that Johnson had gone into the enterprise, whereas his participation was only as the agent of the plaintiffs in the perpetration of this fraud. At the close of the case, there being no contradiction of the testimony, the court, of its own motion, should have directed that a nonsuit be entered.

The judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN, GRAY. 10.